UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> - vs - <br><br> CORNER WEST 5, LLC, <br> d/b/a DOGWOOD, and <br> d/b/a THE DOGWOOD FORT WORTH <br><br> CARMACK BEVERAGE LLC, <br><br> STEPHEN B. WOMACK, <br> a/k/a BRAD WOMACK, <br><br> MICHAEL C. WOMACK, <br> a/k/a CHAD WOMACK, <br><br> JASON B. CARRIER, and <br><br> PRESTON R. ENDERS, <br><br> Defendants. | CASE NO.: |

## COMPLAINT

Plaintiff, Joe Hand Promotions, Inc., by and through its attorney, for its Complaint against Defendants, (1) Corner West 5, LLC, *doing business as* Dogwood and *doing business as* The Dogwood Fort Worth, (2) Carmack Beverage LLC, (3) Stephen B. Womack, *also known as* Brad Womack, (4) Michael C. Womack, *also known as* Chad Womack, (5) Jason B. Carrier, and (6) Preston R. Enders hereby alleges as follows:

## THE PARTIES

1. Plaintiff, JOE HAND PROMOTIONS, INC. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business located at 213 W. Street Road, Feasterville, Pennsylvania 19053. Plaintiff held the sole and exclusive commercial license to distribute and authorize the public display of the broadcast of *Ultimate Fighting Championship® 272: Covington vs. Masvidal,* including all undercard bouts and the entire television broadcast, telecast nationwide on March 5, 2022 ("Program") for businesses such as the business made the basis of this suit.

2. Defendant, CORNER WEST 5, LLC

    a. is a domestic limited liability company organized under the laws of the State of Texas,

    b. conducts business in the State of Texas,

    c. may be served by serving its Registered Agent, Stephen Bradley Womack at its registered office located at 715 W. 6th Street, Austin, Texas 78701,

    d. conducted business as "Dogwood" on the date of the Program,

    e. conducted business as "The Dogwood Fort Worth" on the date of the Program,

    f. owned, operated, maintained, and controlled the commercial establishment known as Dogwood/The Dogwood Fort Worth located at 1100 Foch Street, Fort Worth, Texas 76107 (the "Establishment") on the date of the Program,

    g. held the active alcohol permit(s) from the Texas Alcoholic Beverage Commission for the Establishment on the date of the Program, and

    h. held the active sales tax permit from the Texas Comptroller of Public Accounts for the Establishment on the date of the Program.

3. Defendant, CARMACK BEVERAGE LLC

   a. is a domestic limited liability company organized under the laws of the State of Texas,

   b. conducts business in the State of Texas,

   c. may be served by serving its Registered Agent, Stephen B. Womack at its registered office located at 715 West 6th Street, Austin, Texas 78701,

   d. was an owner of the entity(ies) owning and operating the Establishment on the date of the Program,

   e. had a right and ability to supervise the activities of the Establishment on the date of the Program, and

   f. had an obvious and direct financial interest in the activities of the Establishment on the date of the Program.

4. Defendant, STEPHEN B. WOMACK

   a. is an individual who resides in the State of Texas,

   b. is also known as "Brad Womack,"

   c. may be served at 715 W. 6th Street, Austin, Texas 78701 or wherever found,

   d. was a member, manager, officer, and/or principal of the entity(ies) owning and operating the Establishment on the date of the Program,

   e. had a right and ability to supervise the activities of the Establishment on the date of the Program, and

   f. had an obvious and direct financial interest in the activities of the Establishment on the date of the Program.

5. Defendant, MICHAEL C. WOMACK

   a. is an individual who resides in the State of Texas,

   b. is also known as "Chad Womack,"

   c. may be served at 6808 Mitra Dr., Austin, Texas 78739 or wherever found,

   d. was a member, manager, officer, and/or principal of the entity(ies) owning and operating the Establishment on the date of the Program,

  e. had a right and ability to supervise the activities of the Establishment on the date of the Program, and

  f. had an obvious and direct financial interest in the activities of the Establishment on the date of the Program.

6. Defendant, JASON B. CARRIER

  a. is an individual who resides in the State of Texas,

  b. may be served at 10405 Cannon Mark Way, Austin, Texas 78717 or wherever found,

  c. was a member, manager, officer, and/or principal of the entity(ies) owning and operating the Establishment on the date of the Program,

  d. had a right and ability to supervise the activities of the Establishment on the date of the Program, and

  e. had an obvious and direct financial interest in the activities of the Establishment on the date of the Program.

7. Defendant, PRESTON R. ENDERS

  a. is an individual who resides in the State of Texas,

  b. may be served at 1100 Foch Street, Suite A, Fort Worth, Texas 76107 or wherever found,

  c. was a member, manager, officer, and/or principal of the entity(ies) owning and operating the Establishment on the date of the Program,

  d. had a right and ability to supervise the activities of the Establishment on the date of the Program, and

  e. had an obvious and direct financial interest in the activities of the Establishment on the date of the Program.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

9.      Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District.

## FACTS

10.     Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

11.     Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses, and similar establishments. Since 2001, Plaintiff has been the exclusive domestic commercial distributor for the world's premier mixed martial arts promotion company, the Ultimate Fighting Championship®. Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers.

12.     By contract, Plaintiff was granted the exclusive rights to distribute and authorize the public display of the Program to commercial establishments throughout the United States, such as the Establishment made the basis of this suit. The Program broadcast originated via satellite uplink and was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal.

5

13. Plaintiff entered into subsequent agreements with various commercial establishments in the State of Texas that, in exchange for a fee, allowed them to exhibit the Program to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer, and transmit the Program broadcast to those establishments in the State of Texas.

14. The Program was legally available to the Defendants for exhibition in the Establishment only after paying a commercial sublicense fee for the Program to Plaintiff, which fee was determined by the capacity of the Establishment. Defendants, however, chose not to contract with Plaintiff and pay the proper commercial sublicense fee to Plaintiff. Instead, Defendants, themselves and/or through their agents, servants, and/or employees, took actions to circumvent or assist in the circumvention of the commercial licensing requirement and unlawfully obtained the Program through an unauthorized cable signal, satellite signal, and/or internet stream. Plaintiff did not give Defendants license, permission, or authority to receive and exhibit the Program in their Establishment.

15. By unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system, Defendants willfully intercepted and/or received the interstate communication of the Program or assisted in such actions. Defendants then unlawfully transmitted, divulged, and published said communication or assisted in unlawfully transmitting, divulging, and publishing said communication to patrons in their Establishment.

16. Without authorization, license, or permission to do so from Plaintiff, Defendants publicly displayed the Program to the patrons within their Establishment.

17. In addition, by virtue of their position(s) as it relates to the Establishment, Defendants, Carmack Beverage LLC, Stephen B. Womack, a/k/a Brad Womack, Michael C. Womack, a/k/a Chad Womack, Jason B. Carrier, and Preston R. Enders had the right and ability to supervise and an obvious and direct financial interest in the activities of the Establishment at all relevant times.

18. The Establishment is a commercial business that served food and/or drinks to its patrons. The broadcast of the Program at the Establishment was advertised on social media. The broadcast of the Program at the Establishment was not a private viewing and was not for residential, non-commercial purposes. Accordingly, the purpose and intent of the public display of the Program at the Establishment was to entice patrons to the Establishment to purchase food and/or drinks while viewing the Program.

19. Defendants pirated Plaintiff's licensed exhibition of the Program and infringed upon Plaintiff's exclusive rights while avoiding proper authorization from and payment to Plaintiff. Defendants' actions were committed willfully and with the purpose and intent to secure a commercial advantage and private financial gain.

20. At the time of the wrongful conduct described herein, Defendants' agents, servants, and employees were in fact Defendants' agents, servants, and employees and acting within the scope of their employment and authority as Defendants' agents, servants, and employees.

## SATELLITE PIRACY/CABLE PIRACY

21. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

22. Defendants' unauthorized exhibition of the Program was accomplished through the interception and/or receipt of a satellite signal or, in the alternative, through a cable signal.

23. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 605. By reason of Defendants' violation of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

24. Pled in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

25. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate (in the alternative to the extent necessary) 47 U.S.C. §§ 605 or 553.

26. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs, and attorney's fees pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

    a. for statutory damages, in the discretion of this Court, of up to the maximum amount of $10,000.00 for the violation of 47 U.S.C. § 605 or, alternatively, for the violation of 47 U.S.C. § 553,

  b. for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $100,000.00 for the willful violation of 47 U.S.C. § 605 or, alternatively, for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $50,000.00 for the willful violation of 47 U.S.C. § 553,

  c. for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to 47 U.S.C. § 553(c)(2)(C), and

  d. for such other and further relief to which Plaintiff may be entitled.

         Respectfully submitted,

         JAMIE KING, P.C.

         */s/ Jamie King*
         Jamie King
         Attorney-in-Charge
         State Bar No. 24043755
         P.O. Box 5757
         Kingwood, Texas 77325
         (832) 584-0106 Telephone
         (888) 247-0443 Facsimile
         jamie@jamiekingpc.com

         ATTORNEY FOR PLAINTIFF,
         JOE HAND PROMOTIONS, INC.